[No. 38679.   Department Two.   August 24, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. LEA PROCTOR, *Appellant*.\*

\*Reported in 431 P.2d 703.

*Clay Nixon,* for appellant.

*Charles O. Carroll* and *John S. Ludwigson,* for respondent.

NEILL, J.,—Defendant was first convicted in justice court for petit larceny and on appeal to superior court was again convicted after jury trial. The petit larceny consisted of the receiving, concealing, withholding and aiding in the concealment and withholding of two ski jackets. Some 54 days following the jury verdict, defendant obtained new counsel who filed a "Motion for Reconsideration." This motion was denied by the trial court which entered an order deferring imposition of sentence.

Defendant appeals, assigning as error (1) that the court and deputy prosecuting attorney erred in making statements and comments of an inherently prejudicial and flagrant nature concerning a prosecution witness (an accomplice); (2) that the deputy prosecuting attorney in his closing rebuttal argument referred to facts not in evidence; (3) that the court erred in refusing to grant a new trial or set aside the verdict upon the basis of newly discovered evidence; and (4) that the court erred in failing to give a proper instruction concerning the weight and corroboration of testimony of an accomplice.

A salesman for a sporting goods company had left his sample cases in his station wagon parked in front of his home in the West Seattle area. Included in these samples were approximately 130 ski jackets. On that same evening, it appears that a Mr. Camp and a Mr. Huddleston were touring that same area looking for parked automobiles containing luggage, packages and anything of value. Finding the salesman's automobile, and seeing the sample cases in the rear portion thereof, they rolled down the rear window and extracted the salesman's goods therefrom. At about 6 a.m., Mr. Camp and Mr. Huddleston arrived at defendant's home and talked with her concerning their acquisition of the jackets and plans for disposition thereof. The identifying labels in the jackets were removed at the home of and in the presence of defendant. At trial, the salesman

identified two jackets which had been found in defendant's home as being part of the samples removed from his automobile. Defendant strenuously denied any association with the Camp-Huddleston escapade and alleged that she or her husband had purchased the jackets at a Seattle J. C. Penney store.

At the commencement of the trial, Mr. Camp, who "turned state's evidence" failed to appear and a bench warrant was issued. At the close of the first day's testimony, Mr. Camp was on the witness stand and the court, in the presence of the jury, admonished him to be sure and be present at the opening of the next day's court session, and advised him that should he fail to appear that he would spend more time there than he would like. No objection was made to this statement by the court, nor did defendant's trial counsel request any instruction to the jury to disregard the same.

During summation, the prosecutor informed the jury of the fact that the other parties implicated in the theft had been given probationary sentences. No objection was made to the introduction of this matter into the trial. Our review of the record indicates that such a statement by the prosecutor was invited by the conduct of defendant's attorney. During the cross-examination of Mr. Camp, defendant's counsel brought out before the jury the fact that the charges against Mr. Camp had been dismissed. Defendant's counsel later in the trial took care to bring to the attention of the jury the fact that the charges against all those connected with this theft had been dismissed except those against defendant.

In considering defendant's first two assignments of error, we must point out initially that no objection was made at the trial level to the statements involved. However, defendant argues that the statements were so prejudicial that the prejudice could not be cured by an instruction and, therefore it was not necessary for an objection to be taken in order for this court to grant a new trial.

Our review of the record does not uncover any incurable prejudice which would warrant disregarding the often re-

peated rule that "matters will not be reviewed on appeal unless raised in the trial court." *State v. Green,* 70 Wn.2d 955, 963, 425 P.2d 913 (1967).

Certainly the admonition by the trial court to witness Camp was justified in view of the fact that a bench warrant had to be issued in order to get him to court for the first day of the trial, and the statements made by the trial court could in no manner be construed as constituting any comment on the evidence being given by Mr. Camp. The matter of the probationary sentences is not so prejudicial as to require reversal since the matter was opened up by defendant during trial. We find defendant's first two assignments of error to be without merit.

By defendant's third assignment of error, she complains of the trial court's refusal to grant her "Motion for Reconsideration" which is based on affidavits concerning alleged newly discovered evidence. Defendant's motion, although labeled a "Motion for Reconsideration," is nothing more than a motion for a new trial. RCW 10.67.010 requires that "An application, or motion, for a new trial *must* be made within two days after a verdict of guilty is returned . . . ." (Italics ours.) There is no indication in the record that defendant made any attempt to secure an extension of the time for filing a motion for a new trial pursuant to Rule of Pleading, Practice and Procedure 101.04W(7) (now CrR 101.04W(g)). The trial court, therefore, properly denied defendant's motion. Even if the motion had been timely filed, we would still uphold the determination of the trial court since the proffered affidavits do not meet the five-fold requirements relating to newly discovered evidence laid down by this court in *State v. Adams,* 181 Wash. 222, 229, 43 Pac. 1 (1935).

Finally, defendant assigns error to the trial court's failure to give the customary accomplice instruction. No such instruction was requested by defendant at trial. No error can be predicated on the failure of a trial court to give an instruction when no request for such an instruction was ever made. *State v. Mickens,* 61 Wn.2d 83, 377 P.2d 240 (1962).

Judgment is affirmed.

FINLEY, C.J., HILL and HUNTER, JJ., and BARNETT, J. Pro Tem., concur.

*Reported in 431 P.2d 195.