[No. 39384. Department One. February 8, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. EARL WOODY, *Appellant.**

*Reported in 437 P.2d 167.

*Anthony Arntson*, for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire* and *Patrick H. Olwell*, for respondent.

WARD, J.†—The defendant, Earl Woody, appeals from the judgment entered on the jury's verdict finding him guilty of the crime of robbery.

There is no merit in defendant's assignments of error which challenge the sufficiency of the evidence to sustain the jury's verdict. Defendant directs this challenge solely to the evidence bearing on the identification of the person who committed the crime. The victim, James R. Coble, a 74-year-old farm worker, identified the defendant as the man who entered at the door of the toilet in a tavern in Yakima, who struck him on the head, knocked him to the floor, removed his billfold from his pocket, removed the money, threw the empty billfold back at him, and then ran from the toilet. Another witness, LeRoy F. Sanders, identified the defendant as the man he saw leave the toilet, run from the tavern, and enter a nearby hotel, where the defendant then registered under an assumed name.

Mr. Sanders called the police and gave the officer, Reed Collins, a description of the robber, including his approximate age, size, how he was dressed, his first name (Earl), and informed the police that the man sought had the name "Art" tattooed on his forearm. Thirty minutes after the robbery, the police found the defendant in bed in the hotel. In all respects, defendant answered the description furnished by Mr. Sanders and, although registered in the hotel under an assumed name, on request for identification, produced his social security card showing that his name was Earl Woody. After arrest, he was taken back to the tavern and identified by Mr. Sanders as the man who had run

---

†Judge Ward is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

from the toilet. At the trial, he was identified by Mr. Coble as the man who had robbed him.

The defendant insists that Mr. Coble's identification is without probative value because of the rather serious head injury sustained by him from the blow on the head. Mr. Coble testified that, although the blow on the head had caused him to lose consciousness after he had been carried from the toilet and laid across a card table several minutes later, it did not cause complete loss of consciousness while in the toilet. On cross-examination, he testified: "Why, it just knocked me blind, but I remember very well him grabbing my purse and taking my money, throwed my purse back on me."

A challenge to the sufficiency of the evidence admits the truth of the evidence of the party against whom the challenge is made and all inferences that can reasonably be drawn from such evidence, and requires that the evidence be interpreted most strongly against the challenger and in the light most favorable to the opposing party. *State v. Lutes*, 38 Wn.2d 475, 230 P.2d 786 (1951); *State v. Reynolds*, 51 Wn.2d 830, 322 P.2d 356 (1958); *State v. Holbrook*, 66 Wn.2d 278, 401 P.2d 971 (1965); *State v. Uglem*, 68 Wn.2d 428, 413 P.2d 643 (1966); *State v. Jesse*, 65 Wn.2d 510, 397 P.2d 1018 (1965); *State v. Razey*, 54 Wn.2d 422, 341 P.2d 149 (1959).

The jury elected to give weight and credence to the testimony of Mr. Coble and Mr. Sanders. In so doing, the jury was performing a function assigned to them under our judicial process, and one with which we may not interfere under the record brought before us. *State v. Holbrook, supra; State v. Cranmer*, 30 Wn.2d 576, 192 P.2d 331 (1948); *State v. McDaniels*, 30 Wn.2d 76, 190 P.2d 705 (1948); *State v. Reynolds, supra.*

The defendant claims that he was prejudiced by reason of the state's failure to produce a witness, whose presence defendant asserts was vital to his defense. Mr. Coble testified that a Mexican by the name of Joseph Quillen was seated on one of the toilets in the men's room at the time of

the assault, and that he ran in alarm from the men's room and alerted LeRoy F. Sanders. Neither plaintiff nor defendant subpoenaed Mr. Quillen. The state listed him as a witness, but as the date of trial approached, 6 months after the crime was committed, the witness could not be located. Defendant asserts that this witness was so vital to his defense that the state had a duty to request the court for an order detaining the witness under the provisions of RCW 10.52.040.[1]

■ On appeal, this court will not presume that the defendant actually wanted a witness present, unless he can show to the court that he had made some effort to secure attendance of the witness at the trial, either by the subpoena process available to him, or by requesting the court for an order to detain the witness. Counsel represented the defendant for almost 5 months before the trial and, as we stated in *State v. Summers*, 60 Wn.2d 702, 706, 375 P.2d 143 (1962), before he may assert error because of the state's failure to produce a witness, he must show that he himself had used the subpoena process available. We said, "The right to process to compel the attendance of witnesses must be asserted and maintained."

■ The defendant's final assignment of error is that the arrest of the defendant was illegal, and that the trial court held "in effect that the arrest of the appellant was illegal." There is nothing in the record indicating either that the arrest was illegal or that the trial court deemed the arrest to be illegal. The defendant makes these assertions but points to nothing in support of either claim. The court did

---

[1]RCW 10.52.040 provides in part: "Witnesses may be compelled to attend and testify before the grand jury; and witnesses on behalf of the state, or of the defendant, in a criminal prosecution, may be compelled to attend and testify in open court, if they have been subpoenaed, without their fees being first paid or tendered, unless otherwise provided by law; the court may, upon the motion of the prosecuting attorney, recognize witnesses, with or without sureties, to attend and testify at any hearing or trial in any criminal prosecution in any court of this state, or before the grand jury, and in default of such recognizance the court may direct that such witness shall be detained in the custody of the sheriff until the hearing or trial of the prosecution in which such testimony may be required: . . ."

suppress evidence under the rule in *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694, 86 Sup. Ct. 1602 (1966), because of the failure of the arresting officer to advise the defendant of his constitutional rights, but such failure did not affect the validity of the arrest.

The judgment is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and McGOVERN, JJ., concur.