[No. 436-1. Division One—Panel 1. July 19, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL CLAYTON CHRISTIE, *Appellant.*

*Allan W. Munro,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *John R. Cuningham, Deputy,* for respondent.

UTTER, J.—Michael Clayton Christie was convicted by a jury of robbery. At the close of the state's case, Christie moved for a directed verdict, which was denied. On appeal, he contends as a matter of law the state has not proven his guilt beyond a reasonable doubt. We find this contention not well taken.

Christie has also applied to this court for leave to file a motion for new trial in the superior court based on newly discovered evidence. Permission to file a motion for new trial in the superior court is granted on the condition Christie can justify his failure to file his motion pursuant to the provisions of CrR 101.04W(g).

A challenge to the sufficiency of the evidence to warrant submission of the factual elements of a case to the jury is a question of law to be resolved by the trial judge, and no element of discretion is involved. " 'Where there is any evidence, however slight, and the evidence is conflicting or is such that reasonable minds may draw different conclusions therefrom, the question is for the jury.' " *State v. Hunter,* 3 Wn. App. 552, 475 P.2d 892 (1970) quoting from *State v. Reynolds,* 51 Wn.2d 830, 834, 322 P.2d 356 (1958).

At the trial, the service station attendant identified Christie as the person who held a knife in his back, while a second individual took all of the money out of the cash register. On cross-examination, he stated that at the time of trial, he was not absolutely certain that Christie was the

man who had committed the robbery. He did state, however, that after the robbery and prior to trial, he had seen the defendant on two other occasions—at a lineup and at the preliminary hearing and, at those times, he was positive he had correctly identified Christie as a participant in the robbery. There was, then, substantial evidence of Christie's guilt, and the court properly denied his motion for directed verdict. *State v. Woody*, 73 Wn.2d 179, 437 P.2d 167 (1968).

At his trial, Christie testified the robbery in question was committed by two of his acquaintances, who could not be subpoenaed because one was a juvenile living in the Philippines with his parents and the other was a fugitive. Christie's application for leave to file a motion for a new trial includes his counsel's affidavit which states that these two persons are now in the state of Washington and are willing to testify they committed the crime for which Christie was convicted.

██ In this state, to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear:

(1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; . . . and (5) that it is not merely cumulative or impeaching.

*State v. Adams*, 181 Wash. 222, 229, 43 P.2d 1 (1935). These motions are heard as a matter of right within 2 days of the verdict, or pursuant to an extension of time granted upon good cause before sentencing. *State v. Proctor*, 71 Wn.2d 882, 431 P.2d 703 (1967); RCW 10.67.010; CrR 101.04W(g).

 A person convicted of a crime must be given the opportunity to inquire into the intrinsic fairness of the procedure by which he was convicted to insure due process of law. *Carter v. Illinois*, 329 U.S. 173, 91 L. Ed. 172, 67 S. Ct. 216 (1946); *State v. Robinson*, 61 Wn.2d 107, 377 P.2d 248 (1962). Due process is jeopardized when new evidence, complying with each of the *Adams* requirements is discov-

ered, appears, or becomes available too late to be submitted to the trial court within the 2-day time limitation of RCW 10.67.010, or to enable the convicted person to apply for an extension of time to file a motion for new trial pursuant to CrR 101.04W(g) and yet, still during the pendency of the appeal. In these situations, the procedure adopted by this court to insure due process and prevent manifest injustice is for the appellant to apply to this court for an order authorizing him to file, and the superior court to hear and determine his untimely motion for new trial. *State v. Pope,* 73 Wn.2d 919, 442 P.2d 994 (1968); *State v. Lowenthal,* 183 Wash. 14, 48 P.2d 909 (1935); *State v. Hatch,* 4 Wn. App. 509, 482 P.2d 340 (1971). Such an application will be granted when the applicant has established a prima facie showing his proffered evidence complies explicitly with each of the *Adams* requirements and could not have been discovered by the exercise of due diligence before sentencing to comply with the terms of CrR 101.04W(g). *State v. Pope, supra; Doss v. Schuller,* 47 Wn.2d 520, 288 P.2d 475 (1955); *State v. Lowenthal, supra.*

As an appellate court, it is not our function to consider the merits of the motion. Therefore, when we allow an appellant to file an untimely motion for new trial, we simply hold that he has made a sufficient showing in this court to warrant us to authorize the trial court to exercise its own judicial discretion. *Doss v. Schuller, supra; White v. Donini,* 173 Wash. 34, 21 P.2d 265 (1933); *Haaga v. Saginaw Logging Co.,* 170 Wash. 93, 15 P.2d 655 (1932); *Gudmundson v. Commercial Bank & Trust Co.,* 141 Wash. 11, 250 P. 348 (1926); *State v. Hatch, supra.*

The record does not reflect whether Christie should have applied for an extension of time prior to sentencing pursuant to CrR 101.04W(g). Permission is hereby granted for Christie to file a motion for new trial based on the newly discovered evidence on the condition he can establish the witnesses became available to him too late for him to seek relief by virtue of CrR 101.04W(g). Also, his motion in this court is based solely upon the affidavit of his appel-

late counsel. The motion in the trial court may not be made on counsel's affidavit alone. *State v. Stratton,* 172 Wash. 378, 20 P.2d 596 (1933). The alleged witnesses must be called to testify or their affidavit must be presented to the trial court.

If the trial court denies the motion for new trial, the judgment is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.