[No. 1348-1.    Division One—Panel 1.    November 13, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. PETER GLUCK, *Appellant.*

*James R. Short,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *John E. Nelson, Deputy,* for respondent.

WILLIAMS, J.—Peter Gluck was convicted by a jury of the crime of second-degree burglary of a tavern in Seattle. His appeal from the judgment rendered on the verdict brings in question the trial court's denial of his motion to suppress certain evidence and denial of his challenge to the sufficiency of the evidence.

The facts are these: About 4:45 a.m. on July 24, 1971, two city policemen were patrolling an industrial area of Seattle in which there had been an increasing number of burglaries. As the officers approached the tavern, which was in an isolated part of a block, a car which was parked in front of the tavern was driven away from the curb and its lights turned on. After following the car for about 1½ miles, the officers stopped the car and required identification of the two occupants. Gluck was the passenger. One of the officers saw a blue canvas bag on the back floor of the car.

A police check of the tavern was then requested by radio, but before a reply was received, the officers were ordered to respond to an emergency call. While so engaged, the officers were notified by radio of a recent forcible entry of the tavern. They supplied police headquarters with the information they had, and a general call went out for the apprehension of Gluck and the driver. In about an hour the car containing Gluck and the driver was stopped by other officers and a call sent out for the two officers who had made the initial contact. They arrived within minutes.

Gluck and the driver were searched, handcuffed and placed under arrest in different police vehicles. One of the officers searched the car and upon looking under the front seat found the blue canvas bag which contained burglary tools, bills, a large amount of coins, and a check made out to the tavern.

■ The first question to be determined is whether Gluck and the driver were legally stopped the first time. It was then that the blue canvas bag was seen initially. Police may briefly detain persons for purposes of limited inquiry when there is a well-founded suspicion of criminal activity.

*Adams v. Williams,* 407 U.S. 143, 32 L. Ed. 2d 612, 92 S. Ct. 1921 (1972); *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968). Under the circumstances, the police officers acted properly in detaining Gluck and his friend to make limited inquiry as to their identification and conduct.

The next question is whether Gluck and the driver were legally arrested. Police headquarters had sufficient information to establish probable cause that a crime had been committed in the tavern and that these two had committed it. The broadcast of this information, together with what the officers had learned on the first contact, supplied reasonable grounds to them to make a proper arrest. *State v. Parker,* 79 Wn.2d 326, 485 P.2d 60 (1971); *State v. Todd,* 78 Wn.2d 362, 474 P.2d 542 (1970); *State v. Young,* 39 Wn.2d 910, 239 P.2d 858 (1952); *State v. Ferguson,* 3 Wn. App. 898, 479 P.2d 114 (1970); *see also Williams v. United States,* 308 F.2d 326 (D.C. Cir. 1962).

■ Next, we are asked to decide if the search which resulted in the finding of the blue bag was legal. Gluck claims that his right to be safe from unreasonable searches and seizures was violated because the car in which he was riding was searched after he had been arrested and placed in the police car. Where a police officer has probable cause for believing a vehicle is carrying contraband or illegal merchandise, a search is not dependent upon being incident to an arrest. *Chambers v. Maroney,* 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970); *Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1925); *State v Larsen,* 4 Wn. App. 356, 481 P.2d 462 (1971). The officers had reason to know of the presence of the blue canvas bag in the vehicle and were justified in believing that it probably contained contraband. The appropriate rule is stated in *Chambers v. Maroney* at page 51 as follows:

Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the "lesser" intrusion is permissible until the magistrate authorizes the "greater." But which is the "greater"

and which the "lesser" intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

Their immediate search of the car without a warrant was therefore proper.

█ Finally, we are asked to consider the sufficiency of the evidence that Gluck broke and entered the tavern with the intent to commit a crime therein.

A challenge to the sufficiency of the evidence admits the truth of the evidence of the party against whom the challenge is made and all inferences that can reasonably be drawn from such evidence, and requires that the evidence be interpreted most strongly against the challenger and in the light most favorable to the opposing party.

*State v. Woody,* 73 Wn.2d 179, 181, 437 P.2d 167 (1968). There was sufficient evidence to convict Gluck. The interpretation of the evidence was, of course, for the jury. *State v. Woods,* 5 Wn. App. 399, 487 P.2d 624 (1971).

Affirmed.

HOROWITZ, C.J., and CALLOW, J., concur.

Petition for rehearing denied December 26, 1972.

Review granted by Supreme Court February 21, 1973.