[No. 2971-1.    Division One.    March 24, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. LANDER RAY CLARK, *Appellant*.

*Philip G. Hubbard* of *Seattle-King County Public Defender,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Michael C. Duggan,* and *Seaton M. Daly, Jr., Deputies,* for respondent.

WILLIAMS, C.J.—The defendant, Lander Ray Clark, was charged with the crime of burglary in the second degree. His pretrial motion to suppress certain evidence was heard and denied. Trial to the court, sitting with a jury, resulted in a judgment of guilty. Clark's appeal challenges the denial of the motion to suppress.

The determinative evidence is uncontradicted. Soon after 8:30 p.m., on December 15, 1973, two Seattle police officers were directed to investigate the triggering of a silent alarm in a Seattle residence. When they arrived in their patrol car at a point about 300 yards from the residence, they saw Clark on the sidewalk walking towards it. The officers stopped and asked Clark what he was doing. He replied that he was visiting friends, and when asked their address, he stammered and then said, "Well, actually I am just out walking." At this time, it was dark and raining, Clark's clothes were wet, and he was carrying a pair of socks. One of the officers conducted a "pat down" search and, in so doing, felt what he thought were rocks and a number of coins in Clark's pockets. The neighborhood where these events took place is quietly comfortable, and a person of Clark's appearance would not ordinarily be seen there.

The officer directed Clark into the patrol car and proceeded to the residence. A son of the owners arrived almost simultaneously with the officers, unlocked the door, and let one of them in. The officer found that the home had been burglarized and a quantity of coins taken. Apparently, the burglar had gained entry through a window which had been broken by a rock, which was found on the floor inside. Clark was then formally arrested, and the socks, five rocks,

coins, a coin collector's card, shoes, pants, and glass fragments found in the cuffs of his pants were taken from his person, to be used against him in the prosecution for burglary. In this appeal, the assignment of error is directed to the refusal of the trial court to suppress these items as well as a statement which Clark signed after he had been placed in jail.

■ The seizure of the items from Clark's person directly resulted from his initial detention. If that detention was improper, the motion to suppress should have been granted. *State v. Lesnick*, 10 Wn. App. 281, 518 P.2d 199 (1973), *aff'd*, 84 Wn.2d 940, 530 P.2d 243 (1975). The question of the propriety of intermediate response by police officers to circumstances where there is not probable cause for arrest, but which require prompt investigation and sometimes momentary detention, has been before this court and the State Supreme Court several times in recent months. *State v. Proctor*, 12 Wn. App. 274, 529 P.2d 472 (1974); *State v. Sinclair*, 11 Wn. App. 523, 523 P.2d 1209 (1974); *State v. Murray*, 8 Wn. App. 944, 509 P.2d 1003 (1973), *aff'd*, 84 Wn.2d 527, 527 P.2d 1303 (1974); *State v. Gluck*, 7 Wn. App. 811, 502 P.2d 1222 (1972), *aff'd*, 83 Wn.2d 424, 518 P.2d 703 (1974). The simple test which has evolved from the opinions in these cases is that if a police officer has a well-founded suspicion not amounting to probable cause that a person has, is, or is about to commit a crime, that person may be momentarily detained for investigatory purposes without being arrested. Of course, as always, the conduct of the officer must be reasonable in light of the particular circumstances.

We hold that the officers in this case acted reasonably in detaining Clark while they investigated the source of the alarm. The signal from the silent alarm device was a substantial indication that someone was forcing entry into the house. Clark's appearance, conduct, and presence in the vicinity pointed directly toward his participation in the activation of the alarm. The police, acting for the citizenry, had the duty to investigate. This required Clark's detention

and an examination of the house. There was probable cause to arrest Clark as soon as the fact of the burglary had been established.

It appears from the evidence that sometimes silent alarm-type devices give a signal even though there has not been an illegal entry. If that occurred in this case, the blame for Clark's temporary detention could properly be attributed to his being where he was under suspicious circumstances, rather than upon an unwarranted intrusion upon his freedom by the police.

Clark's objection to the admission of the statement which he gave to the police while in jail is based upon the same argument as his objection to the other items. Because Clark was properly detained, arrested, and then jailed, the statement was admissible.

The judgment is affirmed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied May 14, 1975.

Review denied by Supreme Court September 26, 1975.