[No. 1379-2.    Division Two.    July 9, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND ANDREW HOBBS, *Appellant*.

*William L. Denend,* for appellant.

*John C. Merkel, Prosecuting Attorney,* and *C. Danny Clem, Deputy,* for respondent.

COCHRAN, J.*—The defendant, Raymond Andrew Hobbs, was in the business of buying and selling used and wrecked automobiles. During the years 1972 and 1973 he became involved in the possession and sale of various stolen vehicles. He was subsequently charged with seven counts of grand larceny. The jury found him guilty of all counts.

The defendant first assigns error to the admission of evidence of other criminal acts, contending that this resulted in a denial of the defendant's right to a fair and impartial trial. The rule is that evidence of other misconduct is relevant and admissible to show motive, intent, absence of accident or mistake, a common scheme or plan, identity. The true test is whether the evidence as to other offenses is relevant and necessary to prove an essential

---

*Judge John Cochran is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

ingredient of the crime charged. *State v. Boggs,* 80 Wn.2d 427, 495 P.2d 321 (1972); *State v. Hujus,* 73 Wn.2d 240, 438 P.2d 212 (1968); *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952). The defendant recognizes this rule but asserts that the prosecution presented so much evidence of other offenses that it was prejudicial. A reading of the record, however, reveals that the evidence was necessary and relevant for the purposes intended and was not prejudicial.

Instruction No. 30 correctly charged the jury as to the purposes for which the evidence could be considered and adequately protected the defendant.

The next contention is that the trial court's refusal to limit the State's cross-examination of the defendant denied Hobbs the right to testify in his own behalf. Hobbs was willing to take the stand but wanted to testify only to matters concerning counts 3 and 4. The defendant requested, prior to taking the stand, that the court limit the State's cross-examination to his direct testimony on these counts. However, Hobbs made no offer of proof as to what his testimony would be and did not state what his specific objection would be to the State's cross-examination. The trial court refused to rule in advance of cross-examination and as a result the defendant did not take the stand.

It is the general rule in both civil and criminal cases that the cross-examination of a witness is limited to the scope of the direct examination. Within its discretion, the trial court can grant considerable latitude in cross-examination. When a defendant in a criminal case takes the stand he is subject to all the rules relating to the cross-examination of other witnesses. *State v. Robideau,* 70 Wn.2d 994, 425 P.2d 880 (1967); *State v. Jeane,* 35 Wn.2d 423, 213 P.2d 633 (1950); RCW 10.52.040. In this case there was nothing for the court to rule on until defendant had testified and cross-examination began. At that time proper objections could be made or if improper evidence was elicited, motions to strike the testimony and have the jury instructed to disregard it would have been proper. *State v. Jeane, supra.* Thus, the trial court's ruling was not error.

After the jury verdicts, the defendant moved for a new trial on the ground of newly discovered evidence. This motion was supported by an affidavit of defendant's counsel which in essence stated that two witnesses would testify that the automobile in question was given to the defendant to dispose of as he pleased. There was no affidavit from the defendant concerning this nor any affidavit from the alleged witnesses.

An affidavit of newly discovered evidence made by counsel is not sufficient. The alleged witness must be called to testify or his affidavit must be presented to the trial court. *State v. Christie*, 5 Wn. App. 395, 487 P.2d 651 (1971). Neither of these things was done. Thus, the court's denial of defendant's motion for a new trial was properly denied.

Assuming the proferred testimony could be considered, to warrant a new trial on the basis of newly discovered evidence it must appear (1) the new evidence will probably change the outcome of the case if a new trial is granted; (2) the evidence was discovered since trial; (3) it could not have been discovered before trial by exercise of due diligence; (4) the evidence is material to the issue; and (5) it is not merely cumulative or impeaching. *State v. Wicker*, 10 Wn. App. 905, 520 P.2d 1404 (1974); *State v. Adams*, 181 Wash. 222, 43 P.2d 1 (1935). The testimony sought to be introduced would have merely been to impeach the testimony of a witness who had testified to the contrary. Also, there was no showing that the purported evidence was unknown to, or in the exercise of due diligence, undiscoverable by the defendant before trial. Certainly it does not appear that the evidence would probably change the outcome of the case if a new trial were granted.

Moreover, to grant a new trial for newly discovered evidence rests within the sound discretion of the trial court, and a denial will not be reversed except for an abuse of that discretion. *State v. Canaday*, 79 Wn.2d 647, 488 P.2d 1064 (1971).

A review of the record indicates that there was no error and that the defendant had a fair and impartial trial.

Judgment affirmed.

RUMMEL (A.C.J.) and WIEHL, JJ. Pro Tem., concur.

Petition for rehearing denied August 15, 1975.

Review denied by Supreme Court October 7, 1975.