[No. 3001–2.  Division Two.  January 9, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL A. DUNN, *Appellant.*

*Roethler & McCulloch* and *Clifford R. Kuhn,* for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *Kenneth L. Cowsert, Deputy,* for respondent.

PEARSON, C.J.—Defendant, Michael A. Dunn, appeals his conviction by a Cowlitz County jury of burglary in the second degree. The sole issue is whether the trial court erred in refusing to suppress evidence obtained by the police as the result of a warrantless search of defendant's person near the scene of the burglary. We affirm.

At about 1:06 a.m. on May 17, 1977, four Longview police officers in three police vehicles responded to a reported burglary in process which they received by police radio. The officers were informed that an unidentified citizen observed a subject climbing through a broken window at the Merle Norman Boutique in the 1400 block of Commerce Street. Officer Jessen arrived at the scene first, approximately 1 minute after receiving the call, observed the broken window, and observed two men walking away from the boutique. One of the men was on the sidewalk; another was on the street. Officer Jessen stopped within 40 feet of the boutique entrance and confronted one of the suspects (McCain). As this was in process, Officers Woolford and King came on the scene in another vehicle, noticed the broken window, saw Officer Jessen questioning McCain on the west side of the street, and confronted the only

other subject (defendant), who was on the east side of the street about 30 to 40 feet from the broken window of the boutique, and walking away from it. Officer Kochis arrived shortly after Woolford and proceeded to assist Jessen, who was struggling with McCain.

Officer Woolford's account of his encounter with defendant is as follows. He approached defendant in his unmarked patrol car with grille lights flashing. As he approached the east side of the street and stopped suddenly, defendant continued walking slowly without turning around. Woolford called to him to stop.

> He stopped and turned and I asked him to come to my location and he had his hands in both pockets of his jacket and as I was watching him I asked him to take his hands out of his pockets. He did so and I asked him for identification and he said that he had none. I then asked him who he was and he identified himself as Michael Dunn and I asked him what he was doing in the area and he told me he was just out walking. I asked at that point where he lived and he said he—he stated he didn't live anywhere . . . I placed him up against my patrol car and in the frisk position and frisked his body . . . The right pocket of his trousers was pulled out rather largely and I felt the bulge through the trouser pocket and it felt and sounded like loose change, rather a large and unusual amount.

At this point Woolford directed defendant to empty his pockets on the patrol car. In addition to the coins, defendant deposited "a bundle of bank checks bearing the name of Dixon Trucking and Logging," and another officer found a plastic bag containing 2 valium pills.

Although no formal arrest was announced by the officers until after discovery of the valium, it is clear from Officer Woolford's testimony that defendant was in custody (and not free to leave) from the time during the frisk when Woolford discovered the large pocketful of coins. *See State v. Byers,* 88 Wn.2d 1, 559 P.2d 1334 (1977). Therefore, unless the warrantless search of defendant's person was incident to a *lawful* arrest, the evidence should have been

suppressed. *See State v. Gluck,* 83 Wn.2d 424, 518 P.2d 703 (1974).

Defendant contends that both the initial detention of defendant and the subsequent search were unreasonable intrusions into defendant's constitutionally protected right to privacy under the Fourth Amendment. We disagree.

■■■■ To justify a general investigatory stop or detention, police officers must have a "well founded suspicion" of criminal activity. *State v. Gluck, supra; State v. Serrano,* 14 Wn. App. 462, 544 P.2d 101 (1975). Defendant's lack of identification and statement that he did not live anywhere, coupled with the officer's knowledge of the burglary as well as defendant's proximity to the site, added to the reasonableness of the officer's suspicion that defendant might be implicated in the burglary and warranted the initial detention and frisk. *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968); *State v. Gluck, supra; State v. Clark,* 13 Wn. App. 21, 533 P.2d 387 (1975).

In fact, the information available to Officer Woolford even before the frisk disclosed the unusual amount of coins in defendant's pocket was sufficient to warrant a man of reasonable caution in a belief that defendant was implicated in the recently committed break–in. Certainly, with the additional discovery of the unusually large pocketful of coins, Officer Woolford had probable cause to arrest defendant for the burglary. To justify a warrantless arrest, the officer must have probable cause to make the arrest. Probable cause exists

> where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense . . .

has been committed by the one arrested. *State v. Gluck, supra* at 426–27. A search of the person incident to a lawful arrest is permissible. *State v. Gluck, supra.*

We hold that the evidence within Officer Woolford's knowledge at the time of the search meets the test of *State*

366

*v. Gluck, supra,* and the trial court was justified in refusing to suppress the evidence.

Affirmed.

PETRIE and REED, JJ., concur.