[No. 6675–1.   Division One.   September 17, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY EDWIN HOBART, *Appellant.*

*Short & DeBay* and *James R. Short,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Gordon S. Jones, Deputy,* for respondent.

FARRIS, J.—Gary Hobart appeals his conviction of possession of heroin and cocaine. We affirm.

On October 18, 1977, at about 1:30 a.m., police officers observed Hobart quickly turn his vehicle as the patrol car approached, drive slowly through a residential neighborhood, park, and shake the front door of an apartment building. When asked to explain his activities, Hobart said he was waiting for a friend. One officer frisked Hobart for weapons and determined that he was unarmed but had what felt like balloons in his right shirt pocket. Suspecting narcotics, the officer obtained Hobart's driver's license which he handed to his partner for a warrant check.

When the warrant check came back negative, the officer returned Hobart's license and told him there were no warrants. He then asked Hobart if he had cocaine in his shirt pocket. The officer testified that Hobart did not reply but "grabbed for his pocket very quickly and turned his back at the same time." Thinking that Hobart was trying to dispose of the narcotics by swallowing them, the officer grabbed him and a scuffle ensued. After Hobart was restrained, a folded piece of white paper and two balloons were found on the grass where the struggle occurred. It was subsequently determined that the paper and balloons contained cocaine and heroin.

Hobart contends that evidence of the paper and balloons and their contents should have been suppressed because (1) the action of the police officers in stopping him for interrogation was improper, and (2) the use of such evidence violated his Fifth Amendment privilege against self–incrimination because he was not given *Miranda* warnings.

■ When police officers have a well–founded suspicion, not amounting to probable cause, that a person has committed or is about to commit a crime, they may detain that person and require that he or she identify himself or herself and explain his or her activity. *State v. Gluck,* 83 Wn.2d 424, 518 P.2d 703 (1974); *State v. Clark,* 13 Wn. App. 21, 533 P.2d 387 (1975). Here the initial stop and questioning of Hobart was not improper.

■ *Miranda* warnings are required only for custodial interrogations. *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966); *State v. Hilliard,* 89 Wn.2d 430, 573 P.2d 22 (1977). A "custodial" interrogation occurs when the suspect is deprived of his or her freedom of action in any significant way. *Miranda v. Arizona, supra* at 444. An officer lacking probable cause to arrest may ask questions designed to obtain identification of a suspect and an explanation of his activities without first giving *Miranda* warnings. *State v. Hilliard, supra.*

Here the officer's question about cocaine was not a custodial interrogation. Although Hobart was not free to

depart during the warrant check, the detention ended when the officer returned Hobart's driver's license. Hobart was free to leave when the inquiry about cocaine was made. As his freedom of action was not restricted in any significant way, *Miranda* warnings were not required.

■ Further, the officer had probable cause to arrest when he seized Hobart. Although a mere furtive gesture is insufficient to constitute probable cause, *People v. Cassel,* 23 Cal. App. 3d 715, 100 Cal. Rptr. 520 (1972), *People v. Superior Court,* 3 Cal. 3d 807, 478 P.2d 449, 91 Cal. Rptr. 729, 45 A.L.R.3d 559 (1970), a "deliberately furtive" or "obviously evasive" gesture coupled with suspicious circumstances may constitute probable cause to arrest or to search. *Sibron v. New York,* 392 U.S. 40, 66–67, 20 L. Ed. 2d 917, 88 S. Ct. 1889 (1968); *People v. Pitts,* 40 Mich. App. 567, 576, 199 N.W.2d 271 (1972). Here the officer's testimony shows he understood the requirement of probable cause.

> I didn't run the warrant check myself. I stayed outside the car to see if he would make any moves to get rid of the contraband in his shirt pocket.
> At this time I didn't feel I had legal justification to just go ahead and remove it, so we waited approximately three or four minutes for the warrant check to come back. It came back negative.

The officer's suspicions based upon his discovery of the balloons during his frisk for weapons coupled with the gesture that appeared to confirm those suspicions constituted probable cause.

Affirmed.

WILLIAMS and DORE, JJ., concur.

Reconsideration denied December 21, 1979.

Review granted by Supreme Court February 22, 1980.