IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,            )
                                )    No. 74122-5-I
            Respondent,          )
                                )    DIVISION ONE
      v.                         )
                                )    UNPUBLISHED OPINION
ROBERTO CONRAD OTERO,            )
                                )    FILED: April 17, 2017
            Appellant.           )
                                )

BECKER, J. — Roberto Otero appeals his conviction for identity theft, arguing that the prosecutor engaged in misconduct. We affirm.

Testimony at trial established the underlying facts, which Otero does not dispute. A woman awoke in her apartment on the morning of February 28, 2015, to find that some of her belongings had been moved around and debit and credit cards were missing from her wallets. She noticed that a backpack strap was caught in her front doorway, preventing the door from locking. She contacted the police.

Police reviewed footage from security cameras in the apartment building. It showed that around midnight on February 28, a man riding in the elevator got out on the victim's floor. He returned to the lobby approximately 20 minutes later. Police also obtained video footage from stores where the victim's cards had been

used to make three unauthorized purchases. Using the footage from these stores and from the apartment building, police identified Roberto Otero as a suspect.

The State charged Otero with one count of residential burglary and three counts of identity theft. During a jury trial, Otero chose to testify. Direct examination involved only a few questions. Otero admitted that he was in the apartment building on the night in question but denied entering the victim's apartment.

During cross-examination, the prosecutor asked several questions which defense counsel objected to as beyond the scope of direct examination. The court overruled some of these objections and sustained others. At one point, the prosecutor told the court, "The State argues that all of these go to Mr. Otero's credibility." Later, the court sustained another defense objection, and the prosecutor protested the ruling:

> [THE STATE]: And now I want to show you what's been marked and admitted as State's exhibit Number 1. Showing you the second file from State's Exhibit Number 1.
> [DEFENSE COUNSEL:] Your honor, I'm going to object to this video being played; it's beyond the scope of my direct examination.
> . . . .
> THE COURT: Okay. Well, I'll wait for a question; what's the question?
> [THE STATE]: It's going to be if the person wearing a certain set of clothes if Mr. Otero's clothing that he identified previously.
> THE COURT: Okay. I will sustain the objection as beyond the scope of direct.
> [THE STATE]: *Is the witness's credibility not at issue?*
> THE COURT: Well, thank you for the comment but that's not your job. I think it's my job.

(Emphasis added.) The prosecutor's question about credibility is challenged on appeal as misconduct, but Otero did not object to it at the time, nor did he ask for a curative instruction or otherwise bring to the court's attention any perceived problem with the question.

The jury convicted Otero on the three counts of identity theft. The jury did not reach a verdict on the burglary count. Otero was sentenced to 45 months.

Otero appeals. He argues that the prosecutor engaged in misconduct by commenting on his credibility, especially by challenging the court's ruling with the question, "Is the witness's credibility not at issue?"

A defendant alleging prosecutorial misconduct bears the burden of demonstrating that the conduct was both improper and prejudicial. State v. Lindsay, 180 Wn.2d 423, 430, 326 P.3d 125 (2014). A defendant who did not object to the alleged misconduct at trial is deemed to have waived any error, unless the remark was so flagrant and ill-intentioned that an instruction could not have cured the resulting prejudice. State v. Emery, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012). Reviewing courts focus less on whether the remark was flagrant or ill-intentioned and more on whether the resulting prejudice could have been cured by an instruction. Emery, 174 Wn.2d at 762.

A prosecutor may not express a personal opinion on a witness's credibility. Lindsay, 180 Wn.2d at 437. For example, misconduct was found when a prosecutor argued that a defendant should not "'get up here and sit here and lie'" and described the defendant's testimony as "'the most ridiculous thing I've ever heard.'" Lindsay, 180 Wn.2d at 429. Similarly, a prosecutor argued

3

improperly by telling the jury, "'Then you have the defendant. The manner in which he testified, the State believes, this prosecutor believes, that he got up there and lied.'" State v. Horton, 116 Wn. App. 909, 921, 68 P.3d 1145 (2003).

The prosecutor's remark in this case was unlike the remarks in Lindsay and Horton. When the court sustained an objection to the prosecutor's question, the prosecutor challenged the court's ruling by asking whether Otero's credibility was not "at issue." The question is most reasonably understood as an argument that the court was preventing the prosecutor from testing Otero's credibility on cross-examination.

Cross-examination is appropriately used to test the credibility of a witness. State v. Lord, 117 Wn.2d 829, 870, 822 P.2d 177 (1991), cert. denied, 506 U.S. 856 (1992). At the same time, cross-examination is limited to the scope of direct. State v. Hobbs, 13 Wn. App. 866, 868, 538 P.2d 838, review denied, 85 Wn.2d 1019 (1975). The trial court was policing the prosecutor's questions to ensure they did not exceed the scope of direct. The prosecutor responded by challenging one of the court's rulings. Challenging a trial court ruling in front of the jury may not be the best practice, but the prosecutor was not flagrantly stating a personal opinion that Otero was lying. In context, the comment was not incurably prejudicial and it does not warrant review.

Otero has filed a statement of additional grounds for appeal in which he cites legal rules and makes general assertions without identifying how the rules he cites were violated. An appellate court "will not consider a defendant's

4

statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors." RAP 10.10(c).

The State requests appellate costs. The trial court determined that Otero was indigent for purposes of appeal. The State contends the record "contains no information from which this Court could reasonably conclude that Otero has no likely future ability to pay."

The State does not articulate "the factors that influenced its own discretionary decision" to ask that appellate costs be imposed. State v. Sinclair, 192 Wn. App. 380, 391, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016). The record does show that Otero, now 36 years old, has a record of criminal convictions going back to when he was 18 years old. The pattern of offenses suggests an underlying drug addiction. Otero is currently serving time on a revoked drug offender sentencing alternative out of drug court. The court stated at sentencing that Otero is indigent and "of course his earning capacity is limited at this point since he's going to be in custody for a lengthy period of time." These facts about Otero indicate that it is unrealistic to expect him to pay appellate costs when he gets out of prison.

Under a recently adopted court rule, the relevant inquiry is whether there has been a finding that Otero's financial circumstances have significantly improved since the last determination of indigency. RAP 14.2. In the absence of such a finding, we deny the State's request for costs.

No. 74122-5-I/6

Affirmed.

Becker, J.

WE CONCUR:

Leach, J.

Cox, J.

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 APR 17   AM 9: 45