[No. 459-40905-1.    Division One—Panel 1.    November 9, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT MARK HAUGEN, *Appellant.*

McDonell & Alfieri and James A. Alfieri, for appellant (appointed counsel for appeal).

Charles O. Carroll, Prosecuting Attorney, and Patricia G. Harber, for respondent.

FARRIS, J.—Robert Mark Haugen was convicted of violat-

ing the Uniform Narcotic Drug Act. RCW 69.33. He appeals from that conviction.

Police detectives placed an automobile under surveillance after they received information that Mr. Haugen had a quantity of drugs in the automobile and that the drugs were being offered for sale. The police were observing when Mr. Haugen and another man approached the car at approximately 12:40 a.m. and Mr. Haugen opened the trunk and handled some of its contents. When he saw the officers who were then approaching the vehicle, Mr. Haugen slammed down the lid of the trunk with such force that it bounced open and one of the officers observed some brightly colored capsules and some bottles in the trunk. Mr. Haugen was thereafter placed under arrest and evidence was removed from the trunk of the car.

■ It is contended on appeal that without the information supplied by the informant, the officers would have had no probable cause to arrest and therefore the name of the informant should have been made known to Mr. Haugen so that he could examine him with respect to reliability. Mr. Haugen made only a cursory examination regarding the informant's reliability in his examination of the arresting officers. He neither showed nor alleged circumstances which required disclosure of the informant's name. In the absence of such a showing, disclosure of the informant's name is not required, nor is it incumbent upon the state to show why such disclosure should not be made. *State v. Malbeck,* 69 Wn.2d 695, 419 P.2d 805 (1966).

■ It is argued that there was no probable cause for arrest. We do not agree. Probable cause for arrest has been defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. *State v. Todd,* 78 W.D.2d 361, 474 P.2d 542 (1970); *State v. Palmer,* 73 Wn.2d 462, 438 P.2d 876 (1968). Here, the arresting officers were from the narcotics detail of the Seattle Police Department.

Among the pertinent circumstances to be considered is

the qualification and function of the person making the arrest. An officer of a narcotics detail may find probable cause in activities of a suspect and in the appearance of paraphernalia or physical characteristics which to the eye of a layman could be without significance. His action should not, therefore, be measured by what might or might not be probable cause to an untrained civilian passerby, but by a standard appropriate for a reasonable, cautious, and prudent narcotics officer under the circumstances of the moment.

*State v. Poe,* 74 Wn.2d 425, 428, 445 P.2d 196 (1968).

A reasonable ground of suspicion arose when Mr. Haugen, with another, approached and opened the trunk of a vehicle described by the reliable informant. The ensuing observations of the officers were sufficient to warrant their belief as reasonable, cautious and prudent narcotics officers that the appellant had committed, was committing or was about to commit a felony. There was probable cause for arrest; the evidence was properly seized.

■ Appellant argues that it was error for the trial court to admit his fingerprint card into evidence on the ground that it violated his rights as secured by article 1, section 9 of the Constitution of the State of Washington.[1] The question was resolved by the Supreme Court in *State v. Lei,* 59 Wn.2d 1, 5, 365 P.2d 609 (1961):

The great weight of authority supports the conclusion that the fingerprints of an accused are a physical evidentiary fact, established by witnesses other than the accused, and that such evidence is not violative of the constitutional prohibition.

We find no merit in the contention that the court erred in failing to grant the motion to dismiss for insufficiency of evidence at the close of the state's case.

Affirmed.

JAMES, C. J., and SWANSON, J., concur.

---

[1] "No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense."