[No. 627-1. Division One—Panel 1. July 19, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. CHESTER RAYMOND WOODS, *Appellant.*

*Barokas, Martin, Richey & Schaefer* and *Larry L. Barokas,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Charles E. Yates, Deputy,* for respondent.

UTTER, J.—Chester Woods was convicted of unlawful possession of heroin. He assigns error to the court's failure to advise him of his rights pursuant to CrR 101.20W; failure to allow him a continuance to obtain a witness; failure to observe the provisions of the "no knock" rule; insufficiency of the evidence to establish constructive possession; and, the court's failure to order disclosure of the identity of the informant. We hold the assignments of error are not well taken and affirm the conviction.

There is evidence which establishes that a few days before his arrest, Woods had a room in the home where the arrest took place. A search warrant for the premises was obtained by the Seattle Police Department. When the officers knocked on the door of the residence, the conversation inside suddenly ceased, and there was silence for about 30 seconds. The officers, believing drugs were being destroyed, then broke down the door and entered. They proceeded to search the premises and found narcotics paraphernalia and heroin. The heroin was found in a room in which Woods said he kept his coat. Woods' shaving kit and a prescription with his name on it were found in the same bookcase where the heroin was found.

██ The court did not err in failing to read Woods his rights pursuant to CrR 101.20W. At the time the hearing on the voluntariness of the statements was held, the following exchange took place between the court, the deputy prosecutor, and counsel for Woods:

MR. HOTCHKIN: Nothing further. The State has nothing further on the 101.20W, your Honor.

MR. TANNER: We have nothing further, your Honor.

THE COURT: I take it that the defendant is not going to take the stand?

MR. TANNER: Not at this time.

MR. HOTCHKIN: Has the defendant been advised that he is —

MR. TANNER: He's been advised that he has the right to.

THE COURT: It won't be necessary for me to read that portion of our Rule 101, I take it?

MR. TANNER: That's correct. He knows that he has the right to take the stand.

Counsel may waive a right of his client. *State v. Turner,* 3 Wn. App. 948, 478 P.2d 747 (1970); *People v. Hill,* 67 Cal. 2d 105, 60 Cal. Rptr. 234, 429 P.2d 586 (1967), *cert. denied,* 389 U.S. 1009, 88 S. Ct. 572, 19 L. Ed. 2d 607 (1967). We find a valid waiver by counsel's attorney took place in this instance.

██ Woods requested a continuance at the start of the trial to obtain a witness for his defense. He stated to the court, "I can't go to trial like that. I'm entitled to a defense. He is going to prosecute me without a defense. I got a witness I can get." Woods was in contact with his attorney from December 12, 1969, until the trial on February 2, 1970. There is no showing a subpoena was issued for any witness during this time. The granting or denial of a motion for continuance is within the discretion of the trial court. *State v. Smith,* 56 Wn.2d 368, 353 P.2d 155 (1960); *State v. Sutherland,* 3 Wn. App. 20, 472 P.2d 584 (1970). No abuse of discretion is shown here.

██ Woods contends the heroin was obtained as a result of an unreasonable search and seizure when the arresting

officers allegedly violated the provisions of RCW 10.31.040, commonly referred to as the "no knock" rule. He raises this issue for the first time on this appeal. The rule consistently applied in this state is that to preserve an alleged trial error for appellate review, a defendant must timely object to the introduction of the evidence or move to suppress it prior to or during the trial. *State v. Silvers,* 70 Wn.2d 430, 423 P.2d 539 (1967); *State v. Baxter,* 68 Wn.2d 416, 413 P.2d 638 (1966); *State v. Jackovick,* 56 Wn.2d 915, 355 P.2d 976 (1960); *State v. Robbins,* 37 Wn.2d 431, 224 P.2d 345 (1950).

Woods' failure to properly object to the admission of the evidence at the trial makes it impossible for us to determine whether or not the officers' entry was legal. There is nothing conclusive in the evidence establishing the legality or the illegality of the officers' conduct. We are not apprised of the particular circumstances surrounding the entry of the officers into the home, other than the silence following the police knock on the door. There is no showing as to whether or not the home had windows through which the officers could have looked and observed what activity was actually attendant to the resulting silence. *State v. Hatcher,* 3 Wn. App. 441, 475 P.2d 802 (1970). Nor is there any showing as to what circumstances, if any, contributed to the police officers' belief that the nature of the situation was "exigent and necessitous," thereby authorizing their unannounced and forceful entry. *State v. Young,* 76 Wn.2d 212, 455 P.2d 595 (1969). The reason none of this appears in the record is because Woods failed to challenge the admissibility of the evidence by filing a motion to suppress or by making a proper objection.

Proper objection to the evidence would have challenged the state to introduce evidence in justification or explanation of the conduct of the officers, thereby creating a clear and complete record of the issue from which we might have found error. *State v. Robbins, supra.* Woods' failure to object rendered the introduction of this type of evidence unnecessary. The burden is on the defendant to clearly

establish on the record the commission of error by the trial court. *State v. Baxter, supra.*

The requirements that error be clearly established by the record is similar to the rule that federal courts may notice only unassigned plain errors on appeal. 18 U.S.C.A. Rule 52(b) (Fed. Rules of Crim. Proc. 1961). In *Sykes v. United States,* 373 F.2d 607 (5th Cir. 1966), the defendants objected on their appeal that real evidence taken from their clothing was inadmissible because their arrest was illegal. No pretrial motion to suppress the evidence was made, nor was objection taken when the clothing was offered during the trial. The court held:

> Imagination in re-living the trial is here not sufficient, but must be accompanied by speculation as to what would have appeared had the claim of error been considered. Speculation wastes time and bears ephemeral fruit. For this reason this Court has held that there is no "plain error" where, irrespective of the substantiality of the claimed error, the record does not present the question in enough detail.

Woods' failure to challenge the admissibility of the proffered evidence constitutes a waiver of any legal objection to its being considered as proper evidence by the trier of the facts, and precludes him from raising the issue on this appeal. *State v. Silvers, supra.*

■ Disclosure of the names of informers by the court involves balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. One who seeks the disclosure of an informant's identity must establish justification and necessity. *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957); *State v. Haugen,* 3 Wn. App. 572, 476 P.2d 132 (1970). Woods makes no showing that the informer, if identified, would materially assist his defense. We cannot conclude that, as a matter of law, Woods sustained his burden of showing justification to disclose the name of the informer.

■■ Appellant lastly challenges the sufficiency of the evidence to establish possession. When the sufficiency of

the evidence is challenged in a criminal case, all reasonable inferences must be drawn in favor of the state and the evidence interpreted most strongly against the defendant. *State v. Woody*, 73 Wn.2d 179, 437 P.2d 167 (1968). If there is substantial evidence tending to establish circumstances from which the jury could logically and reasonably conclude the state sustained its burden of proof, we cannot inquire further. "Where there is any evidence, however slight, and the evidence is conflicting or is such that reasonable minds may draw different conclusions therefrom, the question is for the jury." *State v. Pristell*, 3 Wn. App. 962, 964, 478 P.2d 743 (1970).

The presence of Woods' shaving kit and prescription bottle found in the same bookcase as the heroin, the removal of his coat from the room where the heroin was discovered, and his presence on the premises both the day of the arrest and the day prior to the arrest establish a sufficient case for the jury to conclude he was either in actual or constructive possession of the heroin. The jury could conclude that he had dominion and control over the goods to a sufficient extent to establish constructive possession. *State v. Cabigas*, 3 Wn. App. 740, 743, 477 P.2d 648 (1970).

Woods has moved this court for leave to file a motion for new trial in the superior court based upon newly discovered evidence. His motion includes an affidavit of one of his co-inmates at the Washington State Penitentiary at Walla Walla. The affiant states that although narcotics were sold at the residence where Woods was arrested, Woods did not live there and was not involved in their sale. This evidence is merely cumulative since it purports only to substantiate Woods' testimony at his trial, and it would not support a motion for new trial made in the trial court. *State v. Franks*, 74 Wn.2d 413, 445 P.2d 200 (1968); *State v. Adams*, 181 Wash. 222, 229-30, 43 P.2d 1 (1935). Therefore, Woods' application for leave to move for a new trial in the superior court is denied. *State v. Christie*, 5 Wn. App. 395, 487 P.2d 651 (1971).

HOROWITZ, C.J., and WILLIAMS, J., concur.