THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM F. HULTENSCHMIDT, ET AL, *Petitioners*.

*Clarence H. Fidler*, for petitioners.

*Craig A. Ritchie, Prosecuting Attorney*, and *Marion H. Weaver, Deputy*, for respondent.

HOROWITZ, J.—Defendants William and Rosalie Hultenschmidt were convicted of grand larceny. The convictions were affirmed by the Court of Appeals, Division Two. This

court granted review of the unpublished decision of the Court of Appeals to consider the issue of whether admission in evidence of defendants' prior convictions was proper.

The facts are these. Under a rental agreement, the defendants, husband and wife, occupied a mobile home owned by a Mr. and Mrs. Allen. Defendants' relationship with the Allens changed from good to poor during their occupancy of the mobile home, and defendants were eventually evicted for nonpayment of rent. A chest, lamp, medicine cabinet, and rug, belonging to the Allens, were on the premises during defendants' occupancy. The chest, lamp, and medicine cabinet disappeared when defendants vacated the premises and the rug disappeared shortly thereafter. The chest, lamp, and medicine cabinet had a collective value of over $75; the rug had a value of over $75.

The defendants were jointly charged with grand larceny. On direct examination of Rosalie Hultenschmidt, she was asked by her counsel if she had pleaded guilty to a charge of insurance fraud in 1973. She replied in the affirmative. During cross-examination, the State offered in evidence the statement she signed when she entered her plea of guilty (State's exhibit No. 10), and a certified copy of the minutes of the Clallam County Superior Court record showing entry of this plea of guilty (State's exhibit No. 11). The defendant made no objection to State's exhibit No. 11, but objected to State's exhibit No. 10 as being prejudicial to defendant because of its voluminous nature. The court sustained the defendant's objection and admitted only State's exhibit No. 11 in evidence. The State next offered in evidence a transcript of judgment from Clallam County District Court (State's exhibit No. 12), showing her plea of guilty in 1966 to a charge of petit larceny. The defense offered a general objection to this exhibit, but it was admitted in evidence by the court.

William Hultenschmidt also testified at the trial. On direct examination, he was asked if he had ever pleaded guilty to a charge of second-degree burglary. He said yes. During his cross-examination, the State offered in evidence

State's exhibits Nos. 14 to 22, prior conviction records of the defendant. Defendant objected on the ground that "[h]alf of them are involved in motor vehicle citations which certainly have nothing to do with the credibility of the witness." The court sustained the objection, and admitted in evidence only State's exhibits Nos. 14 to 16, consisting of a copy of an order deferring imposition of sentencing in Clallam County Superior Court with respect to his plea of guilty to second-degree burglary in 1963, a copy of a 1967 judgment and sentence in Clallam County Superior Court of Mr. Hultenschmidt for grand larceny, and a copy of a 1967 modified judgment and sentence in Clallam County Superior Court of Mr. Hultenschmidt for operating a motor vehicle while under the influence of alcohol (second offense), while operator's license suspended. The remaining exhibits were refused by the court on the ground "that none of those things involve moral turpitude."

Both defendants were convicted by the jury of grand larceny. The Court of Appeals, Division Two, affirmed the conviction. The court held (1) the evidence was sufficient to support both convictions, and (2) admission in evidence of the prior criminal convictions was proper under RCW 10.52.030 (prior convictions for impeachment purposes).

The defendants' petition for review contends the trial court erred in admitting over objection the copies of judgments and court records of the unrelated convictions of the defendants, because there is nothing in the record to show the State was offering these exhibits for impeachment purposes.[1]

We first note that no objection was made to State's exhibits Nos. 11, 14, 15, and 16. This amounts to a waiver of the defendant's objection to this evidence, and the objection will not be considered on appeal. *State v. Valpredo*, 75

---

[1]Whether any of the prior convictions are invalid for lack of counsel or waiver thereof during those proceedings, and thus inadmissible for impeachment purposes, *see People v. Coffey*, 67 Cal. 2d 204, 217, 430 P.2d 15, 60 Cal. Rptr. 457 (1967), has not been argued in the petition for review. Hence, we express no view upon the question. *Zylstra v. Piva*, 85 Wn.2d 743, 750 n.2, 539 P.2d 823 (1975).

Wn.2d 368, 373, 450 P.2d 979 (1969). Only a general objection was made to State's exhibit No. 12, and it was not error of the trial court to overrule it. *White v. Fenner*, 16 Wn.2d 226, 246, 133 P.2d 270 (1943). In addition, the issue of prior convictions was first raised by the defendants on direct examination, and they cannot complain that the State went into the matter further on cross-examination. *State v. Ryan*, 192 Wash. 160, 165, 73 P.2d 735 (1937); *Walker v. Herke*, 20 Wn.2d 239, 244-45, 147 P.2d 255 (1944). In any case, the record shows the court committed no error in admitting these exhibits. The court stated that State's exhibit No. 12 was admitted "[f]or the purpose of impeachment . . ." In addition, the court instructed the jury without exception by defendant that prior convictions "may be considered by you only in determining what weight or credibility should be allowed [defendants'] testimony as a witness in this case." The instruction became the law of the case. *Wilkins v. Grays Harbor Community Hosp.*, 71 Wn. 2d 178, 182, 427 P.2d 716 (1967). The exhibits, therefore, were properly admitted under RCW 10.52.030. *State v. Dickey*, 181 Wash. 249, 251-52, 42 P.2d 790 (1935).

Defendant finally contends RCW 10.52.030 enacted in 1909 is unconstitutional so that the prior conviction testimony was erroneously admitted. The objection based on claimed unconstitutionality was not made either in the trial court or in the Court of Appeals nor was it made in defendants' petition for review. It was first and briefly argued in oral argument before this court. The objection raises an important issue. *See, e.g., State v. Murray*, 86 Wn.2d 165, 171-72, 543 P.2d 332 (1975) (Rosellini, J., concurring); *State v. West*, 285 Minn. 188, 198, 173 N.W.2d 468 (1969) (Otis, J., dissenting). Much criticism has been directed against the use of prior conviction testimony against a testifying defendant in a criminal case because of the risk that actually such testimony will not be used solely for purposes of impeaching the defendant's credibility, but will be used as substantive evidence to prove the crime charged.

To properly pass on the question of the constitutionality of RCW 10.52.030, it would be at least necessary to determine (1) whether the statute properly construed mandatorily requires the trial court to admit evidence of any and all prior convictions; (2) whether the risk that prior conviction testimony will be improperly used as substantive evidence to prove the truth of the crime charged is so substantial that a defendant who has theretofore been convicted of one or more crimes will refrain from taking the stand to testify in his own behalf, and that this practical impediment to his testifying is an unconstitutional impairment upon his right to testify in his own behalf, U.S. Const. amend. 14; Const. art. 1, § 22 (amendment 10); (3) whether the lack of rational relationship between the fact of a prior conviction of an unrelated crime and the credibility of the testifying defendant is such that a statute which permits such prior conviction testimony to be received in evidence on the ostensible issue of impeachment denies the defendant due process of law; and (4) if RCW 10.52.030 is unconstitutional, whether prior conviction testimony of unrelated crimes nevertheless is admissible under decisional law independently of statute.

■ None of the foregoing questions are addressed in the defendants' briefs or in the petition for review. They are likewise either not addressed or insufficiently dealt with in the short time available for oral argument before this court. Even in cases in which we have heretofore passed on questions involving the denial of constitutional rights raised for the first time on appeal, the issues have been raised and argued in the briefs. *See, e.g., State v. Carothers*, 84 Wn.2d 256, 262, 525 P.2d 731 (1974); *State v. Peterson*, 73 Wn.2d 303, 306, 438 P.2d 183 (1968). If RCW 10.52.030 appeared unconstitutional on its face, a different question would be presented. *Cf. State v. Alden*, 73 Wn.2d 360, 363, 438 P.2d 620 (1968). In the instant case, however, the importance of the constitutional issue orally raised is such that we have decided the issue shall be left open for future determination. *See Coolidge v. New Hampshire*, 403 U.S.

443, 492, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *Zylstra v. Piva*, 85 Wn.2d 743, 750 n.2, 539 P.2d 823 (1975). As Justice Harlan stated in *Coolidge*, which left open a constitutional question for future decision:

This matter should not be decided in a state case not squarely presenting the issue and where it was not fully briefed and argued.

Affirmed.

STAFFORD, C.J., ROSELLINI, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., and RUMMEL, J. Pro Tem., concur.