[No. 7509-8-I. Division One. April 9, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. DALE
ROBERT CHERVENELL, *Appellant*.

*Lewis H. Nomura* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney* and *Phil Brenneman, Deputy,* for respondent.

DURHAM, J.—Dale Robert Chervenell appeals his conviction of robbery in the first degree while armed with a deadly weapon, and a habitual criminal finding.

At the December 9, 1978, trial on the robbery charge, Chervenell's counsel stipulated that the State's witnesses would testify as described in their statements. The court, sitting without a jury, admitted the witness statements into evidence and found Chervenell guilty as charged. By a supplemental information filed February 8, 1979, Chervenell was charged as a habitual criminal, based upon his robbery conviction discussed above; a 1975 robbery conviction; and a 1973 conviction for violation of the Uniform Controlled Substances Act. Chervenell had entered guilty pleas to the prior two offenses.

At the March 15, 1979 habitual criminal proceeding, also tried to the court, Chervenell challenged the validity of his 1973 guilty plea on grounds that he was not properly advised of all of the rights he was waiving prior to entering the plea. The trial court denied the challenge to the plea, found Chervenell to be a habitual criminal, and imposed life imprisonment. On appeal, Chervenell questions the constitutional validity of both the 1973 and 1975 guilty pleas.[1]

Once a defendant raises the issue, the State has the burden of proving beyond a reasonable doubt that the defendant, in a prior conviction relied on by the State to prove his habitual criminal status, was apprised of the nature of the offense and of the consequences of pleading guilty to it. *State v. Holsworth,* 93 Wn.2d 148, 160–61, 607 P.2d 845 (1980).

Turning first to the 1975 guilty plea, Chervenell now claims that it was invalid because he was not apprised of the nature or elements of the offense, nor his right to remain silent. Inasmuch as these issues were not raised below, the record is rather bare; the sole item of evidence consisted of the completed "Statement of Defendant on

---

[1]In his brief, counsel for appellant argues that both pleas were challenged below. This is inaccurate; only the 1973 plea was contested. However, it is appropriate that we examine both proceedings because of the constitutional implications. *See State v. Springfield,* 28 Wn. App. 446, 624 P.2d 208 (1981); *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976).

Plea of Guilty" form. While the form appears to reflect adequate admonition at the time of the guilty plea, we would have to assume certain critical facts to arrive at that conclusion; *e.g.,* that the defendant had, in fact, read the form and signed it with full understanding of its provisions. Because of the inadequate record, we remand this issue back to the trial court for reinstatement of the habitual criminal proceedings, and for entry of the necessary findings. *See State v. Braithwaite,* 92 Wn.2d 624, 600 P.2d 1260 (1979).

Chervenell next challenges his 1973 guilty plea. He claims that he was not apprised of the nature or elements of the offense contrary to *Holsworth* and *Henderson v. Morgan,* 426 U.S. 637, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976). Chervenell was charged with violating former RCW 69.50.401(c), which simply provided, "[i]t is unlawful for any person to possess a controlled substance . . ." Neither knowledge of possession, nor the statutory amount of marijuana necessary for a felony charge, nor knowledge of possession of the statutory amount were elements of the offense, as the defendant contends. The record shows that Chervenell was properly advised of the essential elements of the offense. See Appendix.

Chervenell next contends that before entering the guilty plea he was not apprised of his Fifth Amendment privilege against self–incrimination, as required by *State v. Holsworth, supra.* The State concedes that Chervenell was not specifically advised of his right to remain silent but claims that *Holsworth* does not require that admonition.

■ To resolve this question we begin with the United States Supreme Court's decision in *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), in which the court found reversible error where a trial court accepted a guilty plea without an affirmative showing that it was intelligent and voluntary. The court also said:

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. *First,* is the privilege against com-

pulsory self–incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Second,* is the right to trial by jury. *Third,* is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record.

(Citations omitted. Italics ours.) *Boykin,* at 243.

In 1976 both our State Supreme Court and this court, within approximately 1 month of each other, held that due process does not require an express articulation and waiver of the three constitutional rights specified in *Boykin. See Wood v. Morris,* 87 Wn.2d 501, 507–08, 554 P.2d 1032 (1976); *State v. Lewis,* 16 Wn. App. 132, 135–36, 553 P.2d 127 (1976), recently reaffirmed in *State v. Loux,* 24 Wn. App. 545, 604 P.2d 177 (1979). Both *Wood* and *Lewis* cited numerous cases from other jurisdictions reaching the same conclusion. *Wood* concluded:

We hold, therefore, that there is no constitutional requirement that there be express articulation and waiver of the three rights referred to in *Boykin* by the defendant at the time of acceptance of his guilty plea if it appears from the record, and the clear and convincing weight of extrinsic evidence if the record is unclear on the matter, that the accused's plea was *intelligently and voluntarily made,* with knowledge of its consequences.

(Italics ours.) *Wood,* at 508.

*Holsworth* does appear to state that a defendant must be specifically advised of all three *Boykin* rights prior to entering a guilty plea. We agree with the State, however, that *Holsworth* should not be so interpreted. None of those passages are central to the holding to *Holsworth, i.e.,* that a defendant in a habitual criminal proceeding can attack the use of convictions based on pre–*Boykin* guilty pleas, and that the State has the burden of proving beyond a reasonable doubt that the prior conviction was based on a valid guilty plea. *Holsworth,* at 152.

Moreover, the *Holsworth* opinion fails to cite either *Wood, Lewis,* or *Loux.* Had the Supreme Court intended *Holsworth* to establish a new rule in the taking of guilty

pleas, it would surely have expressly overruled the holdings in *Wood, Lewis,* or *Loux* insofar as they were inconsistent, so as to provide trial courts with some guidance. We also note that the court has not amended CrR 4.2(g), the "Statement of Defendant on Plea of Guilty" form, nor did it add the right to remain silent in its recent amendment of JuCR 7.7, the "Statement of Juvenile on Plea of Guilty."

We are satisfied that *Holsworth* did not establish a new rule as Chervenell contends. Our interpretation of *Holsworth* is further supported by the following statement, made 10 months after *Holsworth,* that:

> *Boykin* does not require as a matter of due process that the trial judge specifically enumerate defendant's constitutional rights, *Wood v. Morris,* 87 Wn.2d 501, 508, 554 P.2d 1032 (1976), although this is certainly the better practice.

*In re Keene,* 95 Wn.2d 203, 214, 622 P.2d 360 (1980) (Utter, C.J., concurring in part, dissenting in part). It is significant that Justice Horowitz, who authored the court's opinion in *Holsworth* concurred with Chief Justice Utter in *Keene.*

Chervenell also challenges the guilty plea on the grounds that he was not specifically advised that such a plea permanently waived his constitutional rights. He bases his argument upon the court's statement in *Holsworth* that a defendant pleading guilty "must be made aware that his guilty plea necessarily waives those rights." *Holsworth,* at 153. *Holsworth* cited *Boykin* as its authority for this statement, but we do not read *Boykin* to specifically impose such a requirement. As in our analysis above, we believe that this statement in *Holsworth* is dictum, rather than a new rule of criminal procedure.

■ The defendant also argues that before entering the 1973 guilty plea, he was not advised that such a plea waives his state constitutional right to appeal guaranteed by article 1, section 22 (amendment 10). Chervenell's reliance upon *State v. Sweet,* 90 Wn.2d 282, 581 P.2d 579 (1978), is misplaced. *Sweet* involved CrR 7.1(b), which provides that *unless* the judgment and sentence are based on a plea of

guilty, the court shall, at the time of sentencing, advise the defendant of his right to appeal. It is not necessary for a court to advise a defendant that he is waiving his right to appeal prior to accepting a guilty plea.

It remains, therefore, to examine the record to determine if the 1973 plea proceeding was conducted in compliance with the principles discussed above. In addition to the "Statement of Defendant on Plea of Guilty" admitted into evidence, the trial court relied on the recitation of the court reporter's notes from the plea proceeding. These reflect that at the time of entry of the plea, Chervenell understood the statement he signed, entered his guilty plea freely and voluntarily, understood the rights he was waiving, and clearly admitted to facts constituting the offense. See Appendix. We are satisfied that the 1973 proceeding comports with the requirements discussed above.

The last two issues in this appeal pertain to the defendant's first degree robbery conviction. Chervenell's contention that his stipulation to every fact upon which his conviction was based should have been treated by the trial court as a guilty plea is answered by *State v. Wiley*, 26 Wn. App. 422, 613 P.2d 549 (1980). *Wiley* held that a defendant's stipulation to facts outlined by the prosecutor, without stipulating as to guilt, is not tantamount to a guilty plea and thus CrR 4.2 admonitions are not required.

The defendant also raises two matters relating to the deadly weapon finding under RCW 9.95.040. He first contends that the rationale of *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978), prohibits the use of a deadly weapon finding to enhance the penalty for robbery in the first degree. *Workman* involved the firearm statute, RCW 9.41.025, which imposes an additional sentence; the statute involved here restricts the parole board's power and specifies a mandatory minimum sentence that must be served before the defendant is eligible for parole. Both *Workman* and *State v. Walker*, 23 Wn. App. 618, 597 P.2d 453 (1979), recognize the functional differences between the two statutes.

■ Finally, Chervenell contends that a deadly weapon finding may not be used both to convict him for first degree robbery and to enhance his punishment for that crime without violating the double jeopardy clauses of the state and federal constitutions. Washington courts have consistently held that a defendant is not placed twice in jeopardy for the same offense by a deadly weapon finding. *State v. Harp,* 13 Wn. App. 239, 534 P.2d 842 (1975); *State v. Alford,* 25 Wn. App. 661, 611 P.2d 1268 (1980). As discussed above, the deadly weapon statute, RCW 9.95.040, limits the trial court's and the parole board's discretion in sentencing; it does not create a separate offense.

The defendant's conviction of robbery in the first degree while armed with a deadly weapon is affirmed. His habitual criminal finding is remanded for reinstatement of those proceedings and for entry of additional findings on the constitutional validity of the 1975 guilty plea.

JAMES, C.J., and CALLOW, J., concur.

### APPENDIX

THE COURT: Is your true name Dale Robert Chervenell?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you have been charged with the crime of possession of a controlled substance?

THE DEFENDANT: Yes.

THE COURT: That is, marijuana?

THE DEFENDANT: Yes.

THE COURT: Have you talked to your attorney about entering a plea in this matter?

THE DEFENDANT: Yes, sir.

THE COURT: Are you ready at this time to enter a plea?

THE DEFENDANT: Yes, sir. .

THE COURT: What is your plea?

THE DEFENDANT: Guilty.

THE COURT: You understand that if you plead guilty, you'd be subject to a maximum term of five years?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that if you are sent to a State institution, the Court must sentence you to a maximum term of five years?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that if you plead not guilty, you would be entitled to a jury trial?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that at that trial you would have a right to confront and cross–examine the witnesses that would be called to testify against you?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you would have a right to have witnesses subpoenaed to testify for you without advancing any fees for them?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone, then, threatened harm to you or any member of your family to get you to plead guilty?

THE DEFENDANT: No.

THE COURT: Has anyone used any force against you to get you to plead guilty?

THE DEFENDANT: No.

THE COURT: Has anyone made any kind of promises of any nature to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Do you understand that if you are sent to a State institution, it is the Board of Prison Terms and Paroles that fixes the minimum term to be observed?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that I am free to use my own discretion in determining what the sentence will be?

THE DEFENDANT: Yes.

THE COURT: Do you understand that by pleading guilty you are admitting that on or about the 20th day of November, 1973, you did have in your possession marijuana?

THE DEFENDANT: Yes.

THE COURT: Are you making the plea of guilty of your own free will and voluntarily?

THE DEFENDANT: Yes.

THE COURT: Did you sign the statement of defendant on plea of guilty?

MR. CLARK: He has, your Honor. You will notice in a couple of parts I have interlineated that I am appearing for Mr. Chervenell rather than his appearing pro se.

THE COURT: Did you read the statement before you signed it?

THE DEFENDANT: Yes, sir.

THE COURT: Did you understand it?

THE DEFENDANT: Yes.
THE COURT: A plea of guilty may enter.

Reconsideration pending October 20, 1981.