[No. 7054-1-I. Division One. November 9, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVIN LEE WILLIAMS, *Appellant*.

*In the Matter of the Personal Restraint of* KEVIN LEE WILLIAMS, *Petitioner*.

THE STATE OF WASHINGTON, *Respondent*, v. JOHN FREDERICK MORRISON, *Appellant*.

*In the Matter of the Personal Restraint of* JOHN FREDERICK MORRISON, *Petitioner*.

THE STATE OF WASHINGTON, *Respondent*, v. ALBERT CLARK LOWE, *Appellant*.

*In the Matter of the Personal Restraint of* ALBERT CLARK LOWE, *Petitioner*.

*John G. Ziegler,* for appellants (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Carol Hepburn, Deputy,* for respondent.

SWANSON, J.—These consolidated cases present the question whether *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980), and *State v. Swindell,* 93 Wn.2d 192, 607 P.2d 852 (1980), permit a challenge for the first time on appeal to the use of prior felony convictions based upon allegedly invalid guilty pleas in habitual criminal and felon in possession of a firearm trials. Appellants Williams and Morrison were found to be habitual criminals under RCW 9.92.090. Appellant Lowe was found to be a previously convicted felon in possession of a firearm in violation of the Uniform Firearms Act, RCW 9.41.040. All three appellants have filed personal restraint petitions in addition to their direct appeals. None of the appellants questioned the validity of the prior guilty pleas in the proceedings below.

The facts of the separate cases are as follows: Kevin Williams was found guilty by a jury of second degree burglary and first degree possession of stolen property. Following the verdict, a supplemental information was filed charging him with being a habitual criminal. The prior convictions alleged in the supplemental information resulted from guilty pleas entered by Williams in 1973 to burglary and in 1974 to assault. At the habitual criminal trial, Williams' counsel did not object to the constitutional validity of the prior felony convictions. On September 14, 1978, Williams was found to be a habitual criminal.

Williams filed a notice of appeal on November 2, 1978, and on September 22, 1980, he filed a personal restraint petition which alleged that his counsel had examined the written statements executed by Williams at the time of pleading guilty and discovered that the statements did not advise Williams that he had a privilege against self-incrimination, a right to a unanimous jury trial, and that

the plea of guilty necessarily waived constitutional trial rights. The petition also alleged that Williams was not aware of the elements of the crime to which he pleaded, including the mental state, nor of his right to challenge the validity of the prior conviction.

John Morrison was convicted by the court on June 5, 1979, of second degree assault while armed with a deadly weapon. A supplemental information was filed charging Morrison with being a habitual criminal. Two of the three prior felonies alleged were controlled substances violations to which Morrison had pleaded guilty in 1974 and 1977. The constitutional validity of these pleas was not challenged at the habitual criminal trial. Like Williams, Morrison appealed from the habitual criminal findings and also filed a personal restraint petition alleging that the prior pleas were invalid. His petition alleged that the written statements he executed did not inform him of his privilege against self–incrimination and right to jury trial, nor of the elements of the crime.

Albert Lowe was convicted of second degree assault while armed with a deadly weapon and of violation of the Uniform Firearms Act. The charges arose out of a dispute over loud music emanating from a south Seattle apartment. The victim testified that he was shot by Lowe in the leg, whereas Lowe's version was that he was leaving the scene of the argument when he heard a shot fired by some third person.

Lowe filed a notice of appeal on October 17, 1979, and he filed a subsequent personal restraint petition contending that his conviction for robbery in 1974, which was the underlying felony for purposes of his being a previously convicted felon in possession of a deadly weapon, was based on a constitutionally invalid guilty plea. His claim was that he was not advised of the elements of the charge nor of the rights waived by pleading guilty. He also contends that the invalid robbery conviction was improperly used to impeach him at his assault trial. The constitutional validity of the robbery conviction was not questioned below.

By commissioner's rulings, the personal restraint petitions and appeals of all three appellants were consolidated. While these appeals were pending, the Supreme Court's decisions in *Holsworth* and *Swindell* were announced.

## THE DIRECT APPEALS

In *State v. Holsworth, supra,* the Supreme Court permitted a challenge to what it termed the present use of an allegedly invalid prior guilty plea in a habitual criminal proceeding. Although the court held that it is the State's burden to prove the validity of the prior conviction, it made clear that the defendant must initially raise the issue:

> Of course, *the defendant must first call attention to the inappropriateness of using a pre–Boykin plea.* But once the defendant raises the issue, the State must bear the burden of proving that the pre–*Boykin* conviction is based on a knowing guilty plea entered after disclosure of the nature and consequences of the offense, and is thus usable in the habitual criminal proceeding.

(Italics ours.) *Holsworth,* at 159.

*State v. Swindell, supra,* was an extension of the *Holsworth* holding to a felon in possession of a weapon prosecution under RCW 9.41.040. The court reiterated that

> In *Holsworth,* we also held that *once a defendant* charged under RCW 9.92.090 *calls attention to the alleged unconstitutionality of a prior felony conviction* used by the State to support a habitual criminal charge, *the State must thereafter* prove beyond a reasonable doubt that the prior conviction was constitutionally valid.

(Italics ours.) *Swindell,* at 196.

Despite the clear language in both *Holsworth* and *Swindell* which requires a defendant to raise initially the issue of the present use of allegedly invalid prior guilty pleas, appellants argue they may raise the issue for the first time on appeal. They rely on language appearing in both opinions which tends to suggest that the validity of the prior pleas is an element which the State must prove beyond a reasonable doubt, thus raising a constitutional issue. The

State, on the other hand, argues that the validity of the prior guilty pleas may not be raised for the first time on appeal. The State's position is that no error appears on the records before us because of appellants' failure to raise the issue in the proceedings below. We agree with the State's contentions.

In order to preserve error for consideration on appeal, the general rule is that the alleged error must be called to the trial court's attention at a time that will afford the court an opportunity to correct it. *State v. Wiley,* 26 Wn. App. 422, 613 P.2d 549 (1980). As our Supreme Court has stated,

> Under most circumstances, we are simply unwilling to permit a defendant to go to trial before a trier of fact acceptable to him, speculate on the outcome and after receiving an adverse result, claim error for the first time on appeal which, assuming it exists, could have been cured or otherwise ameliorated by the trial court.

*State v. Wicke,* 91 Wn.2d 638, 642–43, 591 P.2d 452 (1979).

Appellants rely on the exception to the general rule which permits constitutional issues to be raised for the first time on appeal. We agree that a constitutional issue is involved here only in the sense that had the appellants properly called attention to the inappropriateness of using the prior pleas, the inquiry at trial would have been whether the State's evidence demonstrated that the prior pleas were valid by constitutional standards. However, to acknowledge that a constitutional issue lurks somewhere beneath the surface does not ipso facto permit these appellants to raise an issue which properly should have been raised at trial.[1]

Both *Holsworth* and *Swindell* appear to require the State

---

[1]We are aware of our opinion in *State v. Chervenell,* 28 Wn. App. 805, 626 P.2d 530 (1981), where, without analysis, we permitted a challenge to a prior guilty plea on appeal from a habitual criminal finding, even though the issue had not been raised at trial. We did so because of the "constitutional implications." *Id.* at 807 n.1. However, because the issue was not briefed or argued and not directly decided, we do not view *Chervenell* as being dispositive.

to prove the existence of a constitutionally valid conviction as an *element* under the habitual criminal and felon in possession of a weapon statutes. *State v. Holsworth, supra* at 159; *State v. Swindell, supra* at 196–97. However, we recently examined this question in *State v. Brown*, 29 Wn. App. 1, 627 P.2d 142 (1981). Addressing specifically the State's burden in a prosecution under RCW 9.41.040, we stated:

> [W]e do not believe that the import of the holding in *Swindell* is that the *constitutional validity* of a guilty plea is an "element" of the offenses such as first degree escape. But a prior felony *conviction* is an element. A prior conviction "is a fact which it is necessary for the state to allege and prove to obtain a conviction . . ." *Pettus v. Cranor,* 41 Wn.2d 567, 568, 250 P.2d 542 (1952). *Accord, State v. Tully,* 198 Wash. 605, 89 P.2d 517 (1939).

*State v. Brown, supra* at 5.

The same analysis applies in the habitual criminal setting:

> In order to establish the *status* of an accused as an habitual criminal, it is necessary for the state to prove: (1) the prior judgments of convictions; (2) that the person named therein is the same person on trial.

*State v. Kelly,* 52 Wn.2d 676, 678, 328 P.2d 362 (1958). The fact that *Holsworth* and *Swindell* require the defendant to raise the issue illustrates, we think, that the validity of the prior guilty pleas is not, strictly speaking, an element which the State must prove. Absent a challenge by appellants to the validity of the underlying pleas, there was no error in these cases in proving the prior convictions by introduction of certified judgments and sentence. *See State v. Kelly, supra.*

We are mindful of *In re Lee,* 95 Wn.2d 357, 623 P.2d 687 (1980), which contains this language:

> [E]ven though a petitioner raised no objection at trial to the admissibility of evidence of a prior conviction based on pre-*Boykin* guilty pleas, as a matter relating to a constitutional right he would not have been precluded from

raising the issue on appeal.

*In re Lee, supra* at 364. However, the foregoing statement was not necessary to the decision because the one petitioner in *Lee* who had raised the issue of the validity of the underlying plea had done so at trial as well as on direct appeal. We are unwilling to conclude that *Lee* disposes of the issue when apparently it was neither briefed nor otherwise addressed in argument. *See State v. Hultenschmidt,* 87 Wn.2d 212, 550 P.2d 1155 (1976).

Moreover, there is other language in *Lee* that tends to address the issue as being evidentiary in nature. For example, at page 361, the *Lee* court describes *Holsworth* as a case in which

we upheld the *right of a defendant to object to the use of such evidence* [allegedly invalid prior guilty pleas] to prove the essential elements of the present charge in a habitual criminal proceeding.

(Italics ours.) Once it is recognized that the cases before us present an evidentiary problem, albeit with potential constitutional implications, it becomes clear why *Holsworth* and *Swindell* require a defendant to first raise the issue of the alleged invalidity of the prior guilty pleas before the State must assume the burden of proving the constitutional validity of such prior convictions. The fact that the admissibility of certain evidence may be tested by constitutional standards when objected to does not create a constitutional issue when no objection is interposed. An analogy may be drawn to those situations in which a defendant seeks to suppress evidence allegedly seized in violation of the Fourth Amendment. It is fundamental that an unlawful search and seizure contention must be the subject of a pretrial motion, *State v. Baxter,* 68 Wn.2d 416, 413 P.2d 638 (1966), and may not be raised for the first time on appeal despite such contentions' reliance on constitutional provisions. *State v. Woods,* 5 Wn. App. 399, 487 P.2d 624 (1971). We find language in *State v. Woods, supra* at 402–03, to be particularly relevant:

Woods' failure to properly object to the admission of

the evidence at the trial makes it impossible for us to determine whether or not the officers' entry was legal. There is nothing conclusive in the evidence establishing the legality or the illegality of the officers' conduct. . . . The reason none of this appears in the record is because Woods failed to challenge the admissibility of the evidence by filing a motion to suppress or by making a proper objection.

Proper objection to the evidence would have challenged the state to introduce evidence in justification or explanation of the conduct of the officers, thereby creating a clear and complete record of the issue from which we might have found error. . . . *Woods' failure to object rendered the introduction of this type of evidence unnecessary.* The burden is on the defendant to clearly establish on the record the commission of error by the trial court.

(Citations omitted. Italics ours.) In summary, we read *Holsworth* and *Swindell* as requiring a defendant to raise the issue of the validity of the prior guilty pleas in the trial court, and failure to do so prevents the issue from being raised for the first time on appeal. Our holding works no hardship. Appellants argue at great length in their briefs that *Holsworth* announces no new principles and simply declares existing law. *See In re Lee, supra* at 367–68 (Horowitz, J., dissenting). Therefore, under existing case law, appellants were free to make appropriate challenges at trial to the use of their prior guilty pleas or to waive any objection to the admission of such evidence. In fact, *Lee* contains an excellent illustration of appropriate objection being made at trial several years prior to *Holsworth. In re Lee, supra* at 364–65.

### Personal Restraint Petitions

We are next presented with the question of the proper disposition of appellants' personal restraint petitions. As noted, all appellants filed personal restraint petitions which were consolidated with their appeals. The State argues that the petitions are premature because the appeals have not been exhausted. However, our holding is simply that these

cases reveal no error in light of *Holsworth* and *Swindell*. A personal restraint petition requires the court to determine whether the prisoner is presently detained in violation of either the United States Constitution or the Constitution of the State of Washington. RAP 16.4(c)(2); *In re Myers,* 91 Wn.2d 120, 587 P.2d 532 (1978). We conclude that the appellants here are not so detained.

ISSUES RELATING TO APPELLANT LOWE ONLY

 Lowe argues that the trial court erred in permitting the prosecution to impeach him with his allegedly invalid prior robbery conviction. He contends that the use of such a conviction, based upon a guilty plea allegedly invalid, in effect renews the deprivation of his constitutional rights. Therefore, such convictions cannot be used for any purpose in a criminal trial. In making this argument, Lowe relies primarily upon three decisions, *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980); *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967); and *Loper v. Beto,* 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014 (1972). Lowe's argument, though persuasively advanced, is answered by the recent decision of our Supreme Court in *State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981), where a similar contention was rejected. In *Thompson* the defendant claimed that the admission of his manslaughter conviction for impeachment purposes amounted to constitutional error because the conviction was based on a guilty plea which allegedly violated the standards for guilty pleas established in *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). The *Thompson* court distinguished the holdings relative to the use of prior convictions in *Holsworth, Burgett* and *Loper* from the use of prior convictions for impeachment purposes only, because, as the *Thompson* court said at page 895,

> In the instant case, the validity of the guilty plea upon which the conviction was based goes to a purely collateral matter; that is, the credibility of the witness. Thus, the use of a conviction based on an allegedly invalid guilty plea does not impinge on any constitutional right. . . .

. . . We believe a counseled plea of guilty is prima facie reliable for impeachment purposes.

In the instant case, Lowe makes no claim that his prior guilty plea was uncounseled. Moreover, his prior conviction is extant. We are thus not asked to consider a prior conviction that had been reversed and dismissed on appeal. *See State v. Hill*, 83 Wn.2d 558, 520 P.2d 618 (1974). If Lowe had denied the prior conviction, the State would have been required to prove the existence of a *valid* conviction. *State v. Dixon*, 17 Wn. App. 804, 565 P.2d 1207 (1977). *See* ER 609.[2] However, Lowe objected to admission of evidence of the prior conviction on the ground that its prejudicial value outweighed its relevance, not on the ground that he had not been convicted. On the record before us, we find no error.[3]

Lowe next argues that the court erred in failing to instruct that the State must carry the burden of proving the firearm allegation beyond a reasonable doubt. The Supreme Court recently addressed this issue in *State v. Claborn*, 95 Wn.2d 629, 628 P.2d 467 (1981); *State v. Hall*, 95 Wn.2d 536, 627 P.2d 101 (1981); and *State v. Thompson, supra*. In these cases, the court found harmless error because there was no question of fact as to the genuineness of the weapons used which fired real bullets. The same is true in this case. The victim suffered a bullet wound in the leg, and the only issue at Lowe's trial was identity. If there was any error relating to the court's instructions, it was

---

[2]"(a) **General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross–examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment." ER 609(a).

[3]Lowe has abandoned on appeal the argument he raised at trial relating to undue prejudice arising from introduction of his prior conviction. In any event, admission of evidence of a prior conviction for purposes of impeachment under ER 609 is a matter within the trial court's discretion. *State v. Alexis*, 95 Wn.2d 15, 621 P.2d 1269 (1980). Our review of the record discloses no abuse.

harmless beyond a reasonable doubt.

Affirmed.

DURHAM, J., concurs.

RINGOLD, A.C.J. (dissenting)—The issue in these consolidated cases is simple to state. Did the Supreme Court mean what it said in *In re Lee,* 95 Wn.2d 357, 623 P.2d 687 (1980)?

The holding in *Lee* is that a defendant may not utilize a personal restraint petition to challenge the constitutional validity of the guilty pleas used to sentence him as a habitual criminal unless he raised that issue on direct appeal from the habitual criminal finding. In the course of this holding, the court reasoned that

> even though a petitioner raised no objection at trial to the admissibility of evidence of a prior conviction . . . as a matter relating to a constitutional right he would not have been precluded from raising the issue on appeal.

*Lee,* at 364.

By rejecting this language, the majority creates a "Catch–22" situation by telling the defendant that he may not raise the issue for the first time on appeal even though the Supreme Court in *Lee* told the defendant that he not only can but must raise the issue for the first time on appeal in order to qualify for consideration of personal restraint relief. The majority closes all doors by also rejecting the personal restraint petitions even though petitioners attempted to raise the issue on appeal. I would follow the holding of Division Two of this court and address the merits when the issue is raised for the first time on an appeal that is pending at the time of the decision in *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980). *State v. Gear,* 30 Wn. App. 307, 633 P.2d 930 (1981); *see also State v. Ross,* 30 Wn. App. 324, 634 P.2d 887 (1981).

The majority's reasoning overlooks the fact that *Holsworth* created a new burden on the accused by conditioning the State's burden of proof on a requirement that the

accused first raise the issue at trial.[4] That burden did not exist when the defendants in *Lee* were tried. This explains the Supreme Court's statement that they could have raised the insufficiency of the State's evidence for the first time on direct appeal. Only post–*Holsworth* habitual criminal trials are subject to the rule that the State assumes no burden unless the issue is raised at trial. The majority's ex post facto application of this new rule is entirely unwarranted. *See State v. Timmons,* 12 Wn. App. 48, 527 P.2d 1399 (1974).

All defendants here were tried before the decision in *Holsworth,* and therefore were not subject to the burden of raising the issue before the State was required to prove the constitutional validity of their pleas. RAP 2.5(a)(2) allows these defendants to raise for the first time on appeal a claim that the State did not "establish facts upon which relief [*i.e.,* the habitual criminal judgment] can be granted." Furthermore, RAP 2.5(a)(3) allows these defendants to raise "manifest error affecting a constitutional right" for the first time on appeal. There is no more "manifest" constitutional error than entering a judgment of conviction based upon insufficient evidence. As stated in *Jackson v. Virginia,* 443 U.S. 307, 323, 61 L. Ed. 2d 560, 576, 99 S. Ct. 2781 (1979), "[t]he question whether a defendant has been convicted upon inadequate evidence is central to the basic question of guilt or innocence."

The foregoing analysis eliminates any fear of numerous costly remands because most of our cases will involve appeals from post–*Holsworth* judgments. The defendants will not be heard in such cases unless the issue of the validity of prior pleas was raised at trial. This analysis also demonstrates that this is not a matter of raising mere evidentiary or procedural questions for the first time on

---

[4]The rule that constitutionally valid guilty pleas are necessary to sustain the sufficiency of the evidence of prior guilty pleas was established prior to *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980). *In re Lee,* 95 Wn.2d 357, 623 P.2d 687 (1980).

appeal. Instead, the issue concerns a fundamental constitutional right, and the importance of this right is not diminished by the fact that it is allegedly violated by an evidentiary ruling. *Pointer v. Texas,* 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965). Unlike the mere admissibility of evidence or even search and seizure questions, the right to be free of punishment absent proof beyond a reasonable doubt "is central to the basic question of guilt or innocence." *Jackson v. Virginia, supra.*

The record in these cases is inadequate to permit a decision on the merits. As we did in *State v. Chervenell,* 28 Wn. App. 805, 626 P.2d 530 (1981), I would remand the habitual criminal findings in Williams and Morrison for reinstatement of the proceedings.

In Lowe, I would reverse the judgment in accord with *State v. Swindell,* 22 Wn. App. 626, 590 P.2d 1292 (1979), *aff'd,* 93 Wn.2d 192, 607 P.2d 852 (1980).

Reconsideration denied December 16, 1981.

Review granted by Supreme Court February 19, 1982.