[No. 2715-5-III. Division Three. January 12, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. MELVIN DOUGLAS SAUNDERS, *Appellant.*

*Greg J. Lawless* and *Lawless & Armstrong,* for appellant.

*C. J. Rabideau, Prosecuting Attorney,* and *Pamela Cameron, Deputy,* for respondent.

GREEN, J.—Defendant, Melvin Douglas Saunders, appeals a jury verdict finding he was guilty of first degree assault, RCW 9A.36.010(1)(a), and armed with a deadly weapon. He contends the court erred in giving a certain instruction regarding self-defense. We hold this issue is not reviewable because it is raised for the first time on appeal, and affirm.

Defendant lived with Shirley Poe in a platonic relationship for approximately 2 to 3 months while she was separated from her husband. After the Poes reconciled,

defendant, using the name "Jim Lang or Ling", telephoned Mr. Poe to arrange a meeting to test drive a van Mr. Poe had advertised for sale. Mrs. Poe answered one of the telephone calls and was asked to relay a message that Mr. Poe meet "Jim" in the parking lot behind the Top Hat Cafe in Pasco at about 9 p.m. She did not recognize defendant's voice.

Mr. Poe met defendant at the appointed time. Defendant got into the passenger seat of the van and Mr. Poe drove it to demonstrate its efficiency. When they returned to the parking lot, defendant asked if he could listen to the tape deck. While Mr. Poe was leaning back to reach for some tapes behind the front seat, defendant stabbed him in the throat with a switchblade knife. After a struggle, Mr. Poe escaped from the van.

Defendant's version of the incident was that he agreed to meet after Mr. Poe had telephoned him on several occasions to discuss the extent of his relationship with Mrs. Poe. They drove around in Mr. Poe's van, returned to the parking lot, and when defendant turned to exit the van, he felt a "sharp thing" enter his back. He turned toward Mr. Poe and saw him swinging a knife at him. Mr. Poe's wound was inflicted during the struggle which ensued.

Three days after the incident, defendant left town to "figure things out." He returned about 6 days later and was arrested while meeting with a friend to arrange to leave town a second time. Defendant admitted he did not seek medical treatment or attempt to contact the police prior to the arrest. Additionally, witnesses for the State testified defendant admitted to them he had stabbed someone and if he had killed that person he would have been all right. The jury found defendant guilty of first degree assault and entered a special finding that he was armed with a deadly weapon.

Defendant did not object to the instructions given. He now claims the court erred in giving an instruction on self-defense which (1) stated force is lawful if the person using it has reasonable grounds to believe *death or great bodily*

*harm is imminent,* and (2) failed to state force is lawful if, *under the facts and circumstances known to defendant, he believes* he is in danger.[1] He relies upon *State v. Fesser,* 23 Wn. App. 422, 595 P.2d 955 (1979) in arguing the error was of constitutional magnitude and may, therefore, be raised for the first time on appeal. RAP 2.5(a).

In *Fesser,* we held the deficiency in the self–defense instruction could be raised for the first time on appeal because the facts there presented a close question on the issue of self–defense. That is not the situation in this case. Here, the evidence and arguments centered around who initiated the assault. Although that issue was hotly contested, no question was raised at any time whether either the defendant or Mr. Poe was justified in believing he was in danger of serious bodily harm. Defendant testified he saw Mr. Poe lunge at him and felt the blade of a knife enter his back. He admitted to using the knife on Mr. Poe. The jury was instructed that the knife was a deadly weapon which "has the capacity to inflict death or from the manner in which it is used, is likely to produce or may easily and readily produce death." Thus, the question of whether the degree of force defendant used was capable of inflicting serious bodily harm or whether he could have reasonably believed force was necessary to divert the attack was not close. This case is, therefore, unlike *State v. Fesser, supra,*

---

[1]The instruction given by the court states:

"It is a defense to a charge of assault in the first or second degree that the force used was lawful as defined in this instruction.

"The use of force upon or toward the person of another is lawful when used by a person about to be injured in preventing or attempting to prevent an offense against his person, and when the force is not more than necessary.

"Necessary means that no reasonably effective alternative to the use of force appeared to exist and that the amount of force used was reasonable to effect the lawful purpose intended.

"The use of force is lawful self defense when the person using such force has reasonable grounds to believe that the person to whom the force is directed intends to inflict death or gross bodily harm and there is imminent danger of such harm being accomplished. The person using such force may employ such force and means as a reasonably prudent person would use under the same or similar circumstances as they appeared to the person using such force at the time."

it is governed by *State v. Strand,* 20 Wn. App. 768, 780–82, 582 P.2d 874 (1978) and *State v. Theroff,* 25 Wn. App. 590, 608 P.2d 1254, *aff'd,* 95 Wn.2d 385, 622 P.2d 1240 (1980). In those cases, review of a claimed error in a self–defense instruction, raised for the first time on appeal, was denied because the evidence did not present a close question on that issue. Moreover, for the same reasons, if there was any error in the instruction given, it was harmless. *See, e.g., State v. Hall,* 95 Wn.2d 536, 539, 627 P.2d 101 (1981); *State v. Evans,* 96 Wn.2d 1, 4–5, 633 P.2d 83 (1981); *State v. Williams,* 30 Wn. App. 558, 568, 636 P.2d 498 (1981).

In his pro se brief, defendant asserts several other assignments of error, only one of which was raised at trial. He contends the State did not establish a proper chain of custody for certain evidence which was admitted. There was no error.

■ The knife and a pack of Kool cigarettes were packaged and tagged at the scene of the crime and pictures were taken of the van after it was driven by one of the officers to the police station. The officers testified those items were in the same condition as when found at the scene. This testimony established a sufficient foundation for admitting them as evidence. Any inferences which may be made from the fact that there were short periods of time when the items were not in police custody goes only to the weight to be given them, not their admissibility. *State v. McGinley,* 18 Wn. App. 862, 866, 573 P.2d 30 (1977).

Affirmed.

ROE, A.C.J., and MUNSON, J., concur.